United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD A. WILLIAMSON,

Plaintiff,

v.

GOOGLE LLC,

Defendant.

Case No. 15-cv-00966-BLF (NC)

**ORDER DENYING PLAINTIFF'S MOTION TO QUASH NOTICE OF RULE 30(b)(6) DEPOSITION**

Re: ECF 171

The parties have submitted a joint discovery letter brief regarding defendant Google LLC's notice to depose plaintiff Richard Williamson, on behalf of and as trustee of At Home Bondholders' Liquidating Trust (AHBLT) under Federal Rule of Civil Procedure 30(b)(6). Williamson moves to quash Google's notice on the grounds that AHBLT is not an "other entity" under Rule 30(b)(6). Rather than being deposed as a Rule 30(b)(6) witness for AHBLT, Williamson asserts he can be deposed only as a natural person under Rule 30(b)(1). Google counters that it does not matter what "abstract fictive concept" describes AHBLT; it must designate a witness to testify on its behalf. ECF 171 at 4 (quoting Fed. R. Civ. P. 30 advisory committee's note to 2007 amendment).

The Court agrees with Google. Williamson does not cite any authority for the proposition that Rule 30(b)(6) does not apply to trusts, except to argue that "a trust is not an entity" and "does not have a legal existence" under New York or California law. ECF 171 at 2. This argument illustrates why the Federal Rules were amended in 2007. By the

1   advisory committee's notes, the catchall "other entity" language was added to the list of

2   organizations that may be named as a deponent under Rule 30(b)(6) to avoid disputes

3   about pigeonholing entities like "business trusts . . . [and] more exotic common-law

4   creations" into the rule's earlier language. Fed. R. Civ. P. 30 advisory committee's note to

5   2007 amendment. In other words, it seems the Rules were amended to nip in the bud

6   precisely the type of dispute Williamson is creating.

7         It is true that the advisory committee notes explicitly refer to "business trusts" and

8   not liquidating trusts, but drawing a line in the sand between these legal concepts runs

9   contrary to the information-sharing spirit of Rule 30(b)(6) and ignores precedent. Even

10  before the "other entity" language was added in December of 2007, courts have required

11  trusts, including liquidating trusts, to designate Rule 30(b)(6) witnesses. *See*, *e.g.*, *Beloit*

12  *Liquidating Tr. v. Century Indem. Co.*, No. 02-cv-50037, 2003 WL 355743, at \*5, \*7–9

13  (N.D. Ill. Feb. 13, 2003) (requiring a liquidating trust to designate a Rule 30(b)(6)

14  witness); *Taylor v. Shaw*, No. 2:04-cv-01668-LDG-LRL, 2007 WL 710186, at \*2 (D. Nev.

15  Mar. 7, 2007) ("Plaintiffs cite no authority for the proposition that the trusts are not

16  organizations subject to Rule 30(b)(6), and the court finds that they are."). Post-

17  amendment, courts continue to apply Rule 30(b)(6) to trusts. *See*, *e.g.*, *Penn Mut. Life Ins.*

18  *Co. v. Rodney Reed 2006 Ins. Tr.*, No. 09-CV-0663 JCJ, 2011 WL 1636985, at \*5 (D. Del.

19  Apr. 29, 2011) (requiring an insurance trust to designate a Rule 30(b)(6) witness).

20        Whether or not California or New York state law considers trusts distinct legal

21  entities, Rule 30(b)(6) applies to AHBLT. Williamson's alternative argument that

22  Google's notice is overbroad, unduly burdensome, and disproportionate is not compelling.

23  Williamson's motion to quash Google's notice of deposition is therefore DENIED.

24        Any party may object to this order within 14 days. *See* Fed. R. Civ. P. 72(a).

25        **IT IS SO ORDERED.**

26

27  Dated:  February 20, 2018      _____

                                        NATHANAEL M. COUSINS
28                                      United States Magistrate Judge

Case No. 15-cv-00966-BLF          2

United States District Court
Northern District of California