UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 15-cv-00966-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**<br><br>[Re: ECF 168] |

Before the Court is Plaintiff Williamson's motion to amend the scheduling order. Mot., ECF 168. Specifically, Williamson seeks to extend the deadline to complete fact discovery. *Id.* Defendant Google LLC ("Google") opposes the motion. Opp'n, ECF 173. The Court set no hearing on the instant motion because the matter is suitable to be determined without oral argument, and granted the parties' stipulation to shorten time to brief the matter. ECF 170.

For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Williamson's motion to amend the scheduling order.

I. **LEGAL STANDARD**

A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). A "good cause determination focuses primarily on the diligence of the moving party in his attempts to complete discovery in a timely manner." *Yeager v. Yeager*, No. 2:06-CV-001196, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Courts may take into account any resulting prejudice to the

1  opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for

2  seeking modification ... [i]f that party was not diligent, the inquiry should end." *In re W. States*

3  *Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) *aff'd sub nom. Oneok, Inc.*

4  *v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson,* 975 F.2d at 609).

## II. DISCUSSION

### A. Diligence

As the moving party, Williamson must show diligence that supports "good cause" to amend the scheduling order. *Johnson*, 975 F.2d at 609 ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). Williamson argues that he was diligent and that "good cause" cause exists because it was not reasonably foreseeable that Google would (1) repeatedly amend its Initial Disclosures, (2) delay in providing electronic discovery, and (3) delay the noticed 30(b)(6) deposition. Mot. 4–5.

Google counters that Williamson was not diligent in serving Rule 30(b)(1) deposition notices despite the fact that he had knowledge of most of the individuals for some time, and delayed serving his Rule 30(b)(6) notice. Opp'n 5–8. According to Google, it prodded Williamson about electronic discovery but he delayed in seeking custodial electronically stored information ("ESI") and refused to meaningfully narrow search terms. *Id.* at 8–9. Google also asserts that Williamson delayed in filing this motion for two months since he first asked Google to stipulate to amending the scheduling order. *Id.* at 9–10.

The Court first addresses the parties' dispute on the delay of producing electronic discovery. Google contends that Williamson unreasonably delayed in seeking Google's custodial ESI because he did not begin pursuing that discovery until December 2017. Opp'n 1, 8; Kamber Decl. in Supp. of Opp'n ("Kamber Decl.") ¶ 22, ECF 173-1. In fact, Google contacted Williamson on October 3, 2017 and November 8, 2017 to confirm whether Williamson intended to pursue custodial ESI searches. Kamber Decl. ¶¶ 20–21; Exs. G and H to Kamber Decl., ECF 173-8, -9. Williamson, however, did not respond until December 7, 2017 when he first informed

Google about conducting ESI searches. Kamber Decl. ¶ 22. Hence, after the stay of this action[1] was lifted in August 2016 and until December 2017, Williamson took no affirmative action for over a year to pursue discovery of ESI. Here, Williamson merely complains that Google has not been cooperative since December 2017 regarding Williamson's requests on ESI search terms. Reply 2, ECF 178. Williamson, however, provides no argument why he did not even attempt to pursue ESI discovery before December 2017. Thus, the Court agrees with Google and finds that Williamson has not shown diligence in pursuing discovery of ESI.

The Court turns to whether Williamson unreasonably delayed in seeking depositions of Rule 30(b)(1) and 30(b)(6) witnesses. The parties do not dispute that Google served multiple Amended Initial Disclosures throughout this litigation. Google first amended its Initial Disclosures on November 18, 2014. Eiszner Decl. in Supp. of Mot. ¶ 3, ECF 168-2; Ex. B to Kamber Decl., ECF 173-3. On April 14, 2017, Google served its Second Amended Initial Disclosures, adding eight individuals. Eiszner Decl. in Supp. of Mot. ¶ 4; Ex. C to Kamber Decl., ECF 173-4. On November 27, 2017, Google served its Third Amended Initial Disclosures, adding one individual Mehdi Daoudi. Eiszner Decl. in Supp. of Mot. ¶ 5; Ex. D to Kamber Decl., ECF 173-5. Finally, on December 21, 2017, Google served its Fourth Amended Initial Disclosures, adding two individuals Franky Sze and Kate Everett-Thorp. Eiszner Decl. in Supp. of Mot. ¶ 6; Ex. E to Kamber Decl., ECF 173-6. Williamson represents that Google currently lists 26 individuals in its Initial Disclosures and that he has deposed three of those individuals and noticed depositions of 22 more. Mot. 3.

Williamson argues that he was forced to delay taking depositions due to Google's numerous amendments to its Initial Disclosures and delay in producing documents and ESI. Reply 3. Google counters that Williamson has been on notice of most of the individuals he has scheduled for deposition for some time but delayed pursuing those depositions until January 2018. Opp'n 6–7. The Court agrees with Google. Except for the three individuals who were disclosed in November and December 2017, Williamson has been on notice of eight individuals since April

---

[1] This action was stayed between October 2015 and August 2016 pending resolution of *inter partes* review of the patents at issue. ECF 116, 118.

14, 2017 and has been aware of the remaining individuals even before the stay in this case was lifted in August 2016. Thus, Williamson could have noticed depositions of the disclosed individuals—except for the three individuals added in late 2017—many months ago. But he did not show efforts to take those depositions until January 2018. Moreover, to the extent that Williamson seeks to take more than ten depositions as limited by Rule 30(a)(2), he has not even sought leave to do so. These factors support the conclusion that Williamson was not diligent in pursuing the depositions noticed in January 2018.

The Court is also unpersuaded by Williamson's argument that Google's purported delay of producing documents and ESI contributed to his delay in noticing depositions (Reply 1). First, Williamson did not attempt to pursue ESI discovery until December 2017. Kamber Decl. ¶ 22. His delay in pursuing discovery of ESI actually compounds his lack of diligence to depose individuals disclosed in Google's Amended Initial Disclosures. Second, Williamson's complaint that Google recently produced documents is inapposite. Williamson provides no evidence that he requested Google to produce documents earlier because he could not take depositions due to the unproduced documents. Rather, Williamson took no affirmative action to ensure that he could diligently take depositions of the individuals who were disclosed on or before April 14, 2017. Thus, the Court finds that Williamson was not diligent in pursuing depositions of those individuals.

As for the three individuals disclosed by Google in November 27, 2017 and December 21, 2017, the Court recognizes that Williamson could not have noticed depositions of those individuals earlier. Among the three individuals, Williamson served notice of depositions for Franky Sze and Mehdi Daoudi on January 24 and January 26, 2018, respectively. Kamber Decl. ¶¶ 12–13. Williamson has already deposed Kate Everett-Thorp on February 2, 2018. *Id.* ¶ 10. Because Google disclosed the three individuals in late 2017, Williamson did not delay in noticing depositions for those individuals. Thus, as discussed below, the Court will allow a two week extension of the fact discovery cut-off as to the depositions of Franky Sze and Mehdi Daoudi. This order does not determine whether Williamson is entitled to take more than ten depositions as set forth in Rule 30(a)(2). If he wishes to depose Franky Sze or Mehdi Daoudi beyond the ten

4

1  deposition limit allowed under Rule 30(a)(2), he must seek leave of the Court or obtain Google's
2  stipulation.

3  Regarding the Rule 30(b)(6) deposition of Google, Williamson did not notice the
4  deposition until January 5, 2018.  Kamber Decl. ¶ 15.  Williamson contends that Google "has
5  made it difficult for Williamson to take a Rule 30(b)(6) deposition" and has not yet provided
6  designees for the proposed topics.  Reply 4.  In Williamson's view, he was diligent because he
7  noticed the deposition about two months before the close of fact discovery.  *See id.*  Williamson
8  states that he has made "some progress" with Google to take the Rule 30(b)(6) deposition.  *Id.*
9  However, a party cannot "begin [its] discussion of diligence at the time [it] noticed the deposition.
10 That is insufficient to show [the party's] diligence."  *Wilson v. Frito-Lay N. Am., Inc.*, No. 12-
11 1586, 2015 WL 846546, at *2 (N.D. Cal. Feb. 25, 2015) (citing *Johnson*, 975 F.2d at 609).
12 Williamson provides no argument why he was reasonable in delaying the Rule 30(b)(6) deposition
13 for over a year since the stay was lifted in August 2016.

14 Finally, the Court addresses Google's argument that Williamson lacked diligence because
15 he did not file this motion until two months after he asked Google to stipulate to amending the
16 scheduling order in December 2017.  Opp'n 9–10.  This alone does not demonstrate unreasonable
17 delay in seeking to amend the scheduling order.  During that two-month period, Williamson
18 attempted to negotiate a modified schedule with Google before turning to the court's process.
19 Reply 4; Eiszner Decl. in Supp. of Mot. ¶¶ 10–11; Kamber Decl. ¶¶ 31–32.  Nevertheless, for the
20 reasons discussed above, the Court concludes that Williamson has not shown diligence to support
21 extending the deadline to complete fact discovery except as to the three individuals disclosed by
22 Google in November 27, 2017 and December 21, 2017.

23 Accordingly, the Court DENIES Williamson's request to amend the scheduling order
24 except as to Franky Sze or Mehdi Daoudi.  Williamson has already taken the deposition of Kate
25 Everett-Thorp.  Because Williamson may wish to depose Franky Sze or Mehdi Daoudi beyond the
26 current fact discovery cut-off, the Court turns to whether Williamson's proposed schedule will
27 prejudice Google.
28

### B. Prejudice

Although Rule 16(b)'s "good cause" standard primarily considers diligence of the party seeking the amendment, the Court may take into account any resulting prejudice to the opposing party. *See W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737 (quoting *Johnson*, 975 F.2d at 609).

In his motion, Williamson seeks to extend the fact discovery cut-off as well as the deadlines for Williamson to narrow election of asserted claims and for Google to narrow election of asserted invalidity grounds. Mot. 2. Google argues that Williamson's proposed amendments would unfairly prejudice Google because the proposed schedule effectively shortens Google's time to prepare its "narrowed elections of 28 asserted invalidity grounds." Opp'n 10. Google also asserts that much of its invalidity experts' work product would become a waste because the expert witness disclosure deadline becomes closer to the parties' deadline to narrow claims and invalidity grounds. *Id.* In addition, Google contends that the proposed schedule would reduce its time after the close of fact discovery to "make strategic decisions about its strongest grounds for invalidity." *Id.*

In response, Williamson submitted another proposed schedule in his reply. Reply 5. Although Williamson's new schedule addresses some of the arguments raised by Google, the Court finds that Google may still suffer some prejudice. However, the Court does not find sufficient prejudice to Google to prevent a finding of "good cause" under Rule 16(b) for a shorter extension of time of two weeks to permit the depositions of Franky Sze or Mehdi Daoudi. Such a modest extension will not impair Google's ability to make strategic decisions regarding its invalidity positions.

Accordingly, the Court amends the scheduling order and allows the extension of the fact discovery cut-off to **March 22, 2018** only as to the depositions of Franky Sze or Mehdi Daoudi. The Court reminds the parties that this order does not determine whether Williamson is entitled to take more than ten depositions. Absent Google's agreement, Williamson must request leave of the Court if he seeks to depose more than ten witnesses as limited under Rule 30(a)(2).

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Williamson's motion to amend the scheduling order is GRANTED IN PART and DENIED IN PART.  The Court GRANTS Williamson's request to extend the fact discovery cut-off as to the depositions of Franky Sze or Mehdi Daoudi, but only extends the deadline to **March 22, 2018**.  The Court DENIES Williamson's general request to amend the scheduling order.

**IT IS SO ORDERED.**

Dated: February 28, 2018

_____
BETH LABSON FREEMAN
United States District Judge