**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RICHARD A. WILLIAMSON, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 15-cv-00966-BLF <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE REGARDING JOINT BRIEF AT ECF 189** <br><br> [Re: ECF 222] |

Plaintiff Williamson filed a motion for relief from the nondispositive pretrial order of Magistrate Judge Nathanael M. Cousins ("Order," ECF 209) regarding joint brief at ECF 189. Mot., ECF 222. Judge Cousins denied Williamson's request to compel Defendant Google LLC ("Google") to designate one or more witnesses to testify on Topic Nos. 29 and 30 of Williamson's Notice of Fed. R. Civ. P. 30(b)(6) Deposition of Google. Mot. 1. Williamson asks the Court to reverse Judge Cousins' Order. For the reasons stated below, the instant motion is DENIED.

**I.   LEGAL STANDARD**

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential – the district judge may not simply substitute his or her judgment for that of the magistrate judge.

*Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## II. DISCUSSION

The instant motion pertains to the parties' discovery dispute in their joint letter brief at ECF 189. In that joint letter brief, Williamson requested Judge Cousins to issue an order compelling Google to designate one or more witnesses to testify on Topic Nos. 29 and 30 of his Rule 30(b)(6) Notice. Joint Letter Br. 1, ECF 189. Topic No. 29 requests a designee as to "[a]ny communications between any MatchLogic employee and [Google] concerning the Accused Technology or Truecount." *Id.* at 5. Topic No. 30 seeks a designee on the "facts and evidence underlying any theories, arguments or contentions regarding [Google's] defenses or waiver or estoppel including without limitation any reliance by [Google] on any communication." *Id.* Judge Cousins denied Williamson's request. Order; Hearing Tr. 43:11–23, ECF 213.

Williamson argues that Judge Cousins applied an "incorrect 'good cause and diligence' standard used for motions to amend the schedule rather than the applicable relevancy and proportionality standard prescribed by Rule 26 for timely discovery." Mot. 1. According to Williamson, he timely served his Rule 30(b)(6) Notice more than two months before the end of fact discovery and that Topic Nos. 29 and 30 seek relevant information that is proportional to the needs of this case. *Id.* at 3–5. Williamson further contends that Judge Cousins "made no determination as to the relevancy and proportionality of [the] discovery scope." *Id.* at 5.

The Court is unpersuaded by Williamson's argument. Even assuming that Williamson is correct that Judge Cousins should have considered the relevancy and proportionality of the discovery request at ECF 189, Williamson's argument fails because Judge Cousins did consider the proportionality and the needs of the case. Specifically, during the hearing, Judge Cousins denied Williamson's request on the record "as being not proportional to the needs of the case, and cumulative to other discovery in light of the prior discovery, and in light of the fact that . . . the depositions of Sze, Daoudi, and Shields [will be allowed]." Hearing Tr. 43:11–23.

In fact, in the parties' joint letter brief, Google represented that it has already responded to prior discovery requests and provided information that addresses Topic Nos. 29 and 30 and that further depositions would be duplicative and disproportional to the needs of the case. *See* Joint

2

Letter Br. 5. For example, as for Topic No. 29, Google has provided a substantive response to Williamson's Interrogatory No. 16 which asked Google to "[d]escribe in detail the facts and circumstances concerning Google's reliance on any representation by MatchLogic as a defense in this action and identify with particularity any evidence, including testimony, Documents or Persons, relating to such defense." *Id.* (citing Ex. 11 to Kamber Decl., ECF 189-14; Ex. 13 to Kamber Decl., ECF189-16). Moreover, Williamson has taken the deposition testimony of various third parties, including Michael Griffiths, Kate Everett-Thorp, and Dwight Merriman that Google could rely on in support of its license defense. *Id.* (citing Kamber Decl. ¶ 16, ECF 189-1). Regarding Topic No. 30, Google has substantively responded to Interrogatory No. 8, which broadly asked Google for the "factual and legal bases of its defenses." *Id.* (citing Ex. 13 to Kamber Decl.). There is no indication that Williamson asserts that Google's response to Interrogatory No. 8 is deficient. *See id.* On this basis, Judge Cousins reasonably concluded that Williamson's request to compel Google to designate one or more witnesses to testify on Topic Nos. 29 and 30 was "not proportional to the needs of the case, and cumulative to other discovery in light of the prior discovery." Hearing Tr. 43:11–17. As such, Judge Cousins' ruling was not clearly erroneous or contrary to law. *Perry*, 268 F.R.D. at 348.

Williamson further asserts that Judge Cousins erred by finding that "further deposition on topics 29 and 30" is cumulative "in light of the fact that [he was] ordering the depositions of Sze, Daoudi, and Shields." Mot. 5. According to Williamson, the depositions of those three individuals cannot provide cumulative information regarding any communications with MatchLogic because they were not employed by Google or NetGravity[1] during the relevant time at issue. *Id.* at 5. The Court, however, need not determine whether the depositions of Sze, Daoudi, and Shields would result in no duplicative information at all. As discussed above, Google has provided substantive information in response to Williamson's other discovery requests, and Judge Cousins reasonably found that Williamson's request as to Topic Nos. 29 and 30 was "cumulative

---

[1] Williamson seeks information on any communication between MatchLogic and NetGravity regarding a license agreement. Joint Letter Br. 2. NetGravity was acquired by DoubleClick, which was then acquired by Google. *Id.* at 5.

3

to other discovery in light of the prior discovery" and "not proportional to the needs of the case." Hearing Tr. 43:11–17. Hence, the Court is unable to reach a definite and firm conviction that a mistake has been made. *Perry*, 268 F.R.D. at 348; *Grimes*, 951 F.2d at 241 (holding that the district judge may not simply substitute his or her judgment for that of the magistrate judge).

For the foregoing reasons, the Court concludes that Judge Cousins' order denying Williamson's request in the parties' joint brief at ECF 189 was not clearly erroneous or contrary to law. Therefore, Williamson's motion for relief from the nondispositive pretrial order of Judge Cousins regarding joint brief at ECF 189 is DENIED.

**IT IS SO ORDERED.**

Dated: April 10, 2018

_____
BETH LABSON FREEMAN
United States District Judge