**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RICHARD A. WILLIAMSON, <br> Plaintiff, <br> v. <br> GOOGLE LLC, <br> Defendant. | Case No. 15-cv-00966-BLF <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO SEAL AT ECF 223** <br><br> [Re: ECF 223] |

Plaintiff Williamson filed a motion to seal portions of his motion for relief from nondispositive pretrial order of magistrate judge regarding joint brief at ECF 195 and two exhibits attached to his motion. ECF 223. Defendant Google LLC ("Google") has designated the information sought to be sealed as confidential. *Id.* For the reasons stated below, the Court GRANTS the motion.

### I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable

2

material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The sealing motion relates to Williamson's motion for relief from nondispositive pretrial order of magistrate judge, which is a nondispositive filing as it will not resolve the dispute on the merits. Thus, the instant motion is resolved under the good cause standard. *See Kamakana*, 447 F.3d at 1179. Google is the party that has designated the information sought to be sealed in the instant motion as confidential. After reviewing Google's declaration, the Court finds that Google has shown good cause to seal portions of the submitted documents and that the proposed redactions are narrowly tailored. Accordingly, the Court rules on the instant motion as follows:

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 223-4 | Plaintiff's motion for relief from nondispositive pretrial order of magistrate judge regarding joint brief at ECF 195 | GRANTED as to yellow highlighted portions. | The proposed redacted portions contain highly confidential information relating to Google's revenue, how Google maintains and reports financial information, and the design and operation of Google's ad selection architecture. Mehta Decl. ¶ 6, ECF 228. Such information pertains to Google's non-public business, technical and financial information. *Id.* |
| 223-6 | Ex. A (document produced by Google) | GRANTED in its entirety. | The document contains Google's highly confidential financial and technical information related to its ad selection architecture as well as personal identification information about a Google employee. Mehta Decl., ¶ 7. Disclosure of the information contained therein would cause competitive harm to Google. *Id.* |

| 223-8 | Ex. B (deposition testimony of Google's witness Megan Davy) | GRANTED in its entirety. | The document contains excerpts of the deposition testimony of Google's witness Megan Davy. Mehta Decl. ¶ 8. The excerpted portions of Ms. Davy's testimony discuss highly confidential details on how Google maintains and reports financial information. *Id.* |

### III. ORDER

For the foregoing reasons, Williamson's motion at ECF 223 is GRANTED.

**IT IS SO ORDERED.**

Dated: April 10, 2018

_____
BETH LABSON FREEMAN
United States District Judge