# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RICHARD A. WILLIAMSON,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 15-cv-00966-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE REGARDING JOINT BRIEF AT ECF 195**<br><br>[Re: ECF 224] |

Plaintiff Williamson filed a motion for relief from the nondispositive pretrial order of Magistrate Judge Nathanael M. Cousins ("Order," ECF 209) regarding joint brief at ECF 195. Mot., ECF 224. Judge Cousins denied Williamson's request to compel Defendant Google LLC ("Google") to (1) designate one or more witnesses who can testify about the operation of accused products with Google owned "properties"[1] (including Gmail, Google Finance, Google Blogger, and YouTube) and (2) provide financial information for the use of accused products with those properties. Joint Letter Br., ECF 195; Order. Williamson asks the Court to reverse Judge Cousins' Order as to the second request. Mot. 1. In other words, in this motion, Williamson seeks only to compel Google's production of financial information for the use of the accused products on Google owned properties. *Id.* at 1, n.1. For the reasons stated below, the instant motion is DENIED.

## I. LEGAL STANDARD

A district court may refer nondispositive pretrial matters to a magistrate judge under 28

---

[1] Williamson refers to Google owned and operated websites—including Gmail, Google Finance, Google Blogger, and YouTube—as Google's "properties."

U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential – the district judge may not simply substitute his or her judgment for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## II. DISCUSSION

The instant motion pertains to the parties' discovery dispute in their joint letter brief at ECF 195. Williamson accuses Google of infringing the patents-in-suit. Joint Letter Br. 1. According to Williamson, the accused products include "[a]ll versions, past and present, of Google's AdSense" and "[a]ll versions, past and present of DoubleClick Ad Exchange, DoubleClick for Publishers, and DoubleClick Digital Marketing." *Id.* In the joint letter brief, Williamson argued that the accused products are used in Google owned properties just as they are used to serve advertisements on third-party websites. *Id.* at 2 (citing depositions of Google's 30(b)(6) witnesses). During the hearing before Judge Cousins, Williamson also pointed to a Google document for support. Hearing Tr. 12:7–13:12, ECF 213. That document has been filed under seal in support of the instant motion. Ex. A to Constant Decl., ECF 224-1. Williamson further asserted that Google provided documents that contain financial information regarding the revenues of the accused products but that those documents "do not include financial information for the use of AdSense or DoubleClick products with properties owned and operated by Google." Joint Letter Br. 3 (citing deposition of Google's 30(b)(6) witness). On this basis, Williamson requested Judge Cousins to issue an order compelling Google to produce financial information for the use of the accused products on Google owned properties. Joint Letter Br. 3. Judge Cousins denied Williamson's request. Order; Hearing Tr. 40:18–43:3, 44:17–45:8.

In bringing this motion, Williamson argues that Judge Cousins' Order should be reversed for two reasons. First, Williamson contends that Judge Cousins erred by conflating the "accused

2

advertising systems" with the "unaccused technologies on Google-owned websites (e.g., Gmail's mail-serving technology) on which the accused ads are displayed." Mot. 1–2. Second, Williamson argues that Judge Cousins applied an "incorrect 'good cause' standard applicable to motions to amend the schedule under Fed R. Civ. P. 16 instead of the correct Fed. R. Civ. P. 26 standard of relevancy and proportionality." *Id.* at 2.

Google counters that there is no evidence in the record that Google's properties serve ads in the same way the accused products do or that those properties operate like third-party websites. Opp'n 3–4, ECF 236. Setting aside the purported lack of evidence, Google argues, Williamson has never put Google on notice of the theory that Google's properties "serve ads in the same way Google serves third-party ads." *Id.* at 2. Google further avers that Williamson's first or amended infringement contentions and Rule 30(b)(6) notice do not mention Google's properties such as Gmail or YouTube. *Id.* at 2, 4. Instead, according to Google, Williamson waited until February 28, 2018 to object to Google's supposed failure to produce a witness related to Google's properties and also waited until March 13, 2018, five days after the close of fact discovery,[2] to first identify Google Blogger as an issue. *Id.* Finally, Google argues that Judge Cousins did not improperly apply the "good cause" standard because he considered a number of factors including diligence and was entertaining Williamson's motion to compel additional witnesses. *Id.* at 4–5.

After reviewing Judge Cousins' ruling and the evidence in the record, the Court finds that Judge Cousins' Order was not clearly erroneous or contrary to law. During the hearing, Judge Cousins elaborated his ruling on the record. He found that Williamson did not identify Google's properties in his infringement contentions in accordance with Patent Local Rule 3-1 and that he lacked diligence in pursuing information on those properties. Hearing Tr. 42:2–4. 44:20–24. Indeed, Williamson's first amended infringement contentions, first set of requests for production, and first notice of 30(b)(6) deposition do not mention Gmail, Google Finance, Google Blogger, or YouTube. *See* Ex.3 to Kamber Decl. in Supp. of Letter Br., ECF 189-6; Ex. C to Constant Decl., ECF 224-5; Ex. A to Kamber Decl., ECF 236-2. Williamson's argument that he is not accusing

---

[2] The Court previously allowed an extension of the fact discovery cut-off only as to the depositions of Franky Sze or Mehdi Daoudi to March 22, 2018. ECF 181.

3

certain functionalities—such as Gmail's email or YouTube's video publishing functionalities—in Google's properties is inapposite. To the extent that Williamson asserted that Google's properties used infringing features, Judge Cousins reasonably found that those properties should have been asserted in Williamson's infringement contentions to put Google on notice. *See* Patent L.R. 3-1; *Mediatek, Inc. v. Freescale Semiconductor, Inc.*, No. 11-5341, 2013 WL 588760, at *2 (N.D. Cal. Feb. 13, 2013) ("[T]he Patent Local Rules . . . requir[e] the party claiming infringement to identify with particularity how each accused product infringes the patents-in-suit."). As such, Judge Cousins reasonably concluded that Google was not put on notice that Williamson would seek information on its properties and that requiring additional discovery would be "unduly burdensome and not fair." Hearing Tr. 42:2–4, 44:25–45:8. Hence, the Court is unable to reach a definite and firm conviction that a mistake has been made. *Perry*, 268 F.R.D. at 348.

Moreover, the Court is unpersuaded by Williamson's argument that Judge Cousins applied an incorrect standard by referencing the lack of good cause to compel discovery. Judge Cousins denied Williamson's motion to compel based on lack of good cause and lack of diligence. Order. He also expressly found that requiring additional discovery would be "unduly burdensome and not fair" to Google. Hearing Tr. 45:4–5. As explained below, Judge Cousins' reasoning is sufficient to deny Williamson's request to compel discovery.

Prior to the 2015 amendment, Federal Rule of Civil Procedure 26(b)(1) provided that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter in the action." The current version of Rule 26(b)(1) omits the "good cause" language and provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The language of Rule 26 makes clear that the omission of the phrase "good cause" does not mean that a requesting party is always entitled to nonprivileged matter that

4

is relevant to any party's claim or defense. Rather, Rule 26 permits a court to limit discovery. First, Rule 26(b)(1) expressly states that the scope of discovery can be "limited by court order." Second, Rule 26(b)(2) provides limitations on the frequency and extent of discovery. In particular, the court must limit the extent of discovery if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Rule 26(b)(2)(C)(ii). Third, Rule 26(b)(1) guides the courts to consider factors specific to the case in determining whether discovery is warranted. *See* Advisory Committee Notes: 2015 Amendment.

Against this backdrop, the Court concludes that Judge Cousins' ruling was not clearly erroneous or contrary to law. A review of Judge Cousins' Order, excluding any reference to "good cause," shows an alternative and proper basis for his ruling. Judge Cousins found that Williamson was reasonably on notice and could have sought information on Google's properties earlier and define his "claims and theories in a different way." *See* Hearing Tr. 44:25–45:2. Judge Cousins also found that Williamson did not properly assert Google's properties in his infringement contentions in accordance with Patent Local Rule 3-1 and lacked diligence to pursue the information Williamson now seeks. *Id.* at 44:20–24. Due to these failures, Google was not put on notice that Williamson would seek information on its properties. *Id.* at 42:2–4. In fact, Google was given notice only at the very end of fact discovery. *See* Kamber Decl. ¶ 5, ECF 236-1.[3] Hence, Judge Cousins reasonably concluded that it would be unfair and unduly burdensome to Google if this additional discovery was compelled at this stage of the action where Williamson had not disclosed any theory of infringement as to Google's properties. *Id.* at 44:25–45:6; *Mediatek*, 2013 WL 588760, at *2 (explaining that the Patent Local Rules require the plaintiff to identify with specificity how the accused products infringe). That conclusion may not simply be overturned by the undersigned judge. *Grimes*, 951 F.2d at 241 (holding that the district judge may not simply substitute his or her judgment for that of the magistrate judge). Accordingly, Judge

---

[3] According to Google, Williamson disclosed for "the first time on the night" the joint letter brief was filed the assertion that Google's properties use the "same accused advertising servers and code." Joint Letter Br. 4, n1. Google also contends that it would have objected to Williamson's 30(b)(6) Notice if he had provided any indication that Gmail, Google Finance, Google Blogger, YouTube was within the scope of the deposition topics. Joint Letter Br. 4, n.2.

Cousins considered circumstances specific to this case and contemplated whether Williamson had opportunities to seek the information at issue if he had diligently pursued the matter. On this basis, Judge Cousins denied Williamson's request to compel Google to provide the financial information at issue. Judge Cousins' ruling was in accordance with Rule 26 and thus was not improper.

For the foregoing reasons, the Court concludes that Judge Cousins' order denying Williamson's request in the parties' joint brief at ECF 195 was not clearly erroneous or contrary to law. Therefore, Williamson's motion for relief from the nondispositive pretrial order of Judge Cousins regarding joint brief at ECF 195 is DENIED.

**IT IS SO ORDERED.**

Dated: April 24, 2018

_____
BETH LABSON FREEMAN
United States District Judge