UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD A. WILLIAMSON,<br>Plaintiff,<br>v.<br>GOOGLE LLC,<br>Defendant. | Case No. 15-cv-00966-BLF<br><br>**OMNIBUS ORDER RE SEALING REQUESTS**<br><br>[Re: ECF 296, 300, 304, 307, 317, 320] |

Before the Court are the parties' respective administrative motions to file under seal portions of Plaintiff's motion for summary judgment and exhibits, the parties' opposition briefs and exhibits, and the parties' reply briefs and exhibits. ECF 296, 300, 304, 307, 317, 320. For the reasons stated below, Defendant's motions are GRANTED; and Plaintiff's motions are GRANTED IN PART and DENIED IN PART.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain

mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be

sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed the parties' sealing motions and the declarations of the designating parties submitted in support thereof. The Court finds that the parties have articulated compelling reasons to seal certain portions of the submitted documents. The proposed redactions are generally narrowly tailored. The Court's rulings on the sealing requests are set forth in the tables below.

### A. ECF 296 and ECF 300 (Plaintiff's Motion as to Plaintiff's MSJ and Exhibits)

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 296-4 | Plaintiff's Motion for Summary Judgment | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 303-1). | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Mehta Decl. ¶ 6, ECF 303. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 6. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 6. |
| 300-3[1] | Excerpts from Report of Plaintiff's Expert, Dr. Kevin C. Almeroth | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 303-2). | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Mehta Decl. |

---
[1] This document has replaced ECF 296-5. *See* Plaintiff's Motion at ECF 300.

3

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | ¶ 7, ECF 303. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 7. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 7. |
| 300-4[2] | Appendix F to the Report of Plaintiff's Expert, Dr. Kevin C. Almeroth | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 303-3). | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Mehta Decl. ¶ 8, ECF 303. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 8. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 8. |
| 300-5[3] | Appendix G to the Report of Plaintiff's Expert, Dr. Kevin C. Almeroth | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 303-4). | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Mehta Decl. ¶ 9, ECF 303. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 9. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be |

---

[2] This document has replaced ECF 296-6. *See* Plaintiff's Motion at ECF 300.
[3] This document has replaced ECF 296-7. *See* Plaintiff's Motion at ECF 300.

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | sealed. Mehta Decl. ¶ 9. |
| 300-6[4] | Excerpts from Rebuttal Report of Plaintiff's Expert, Dr. Kevin C. Almeroth, Concerning Validity of U.S. Patent Nos. 6,014,698 and 6,286,045 | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 303-5). | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Mehta Decl. ¶ 10, ECF 303. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 10. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 10. |
| 296-9 | Ex. 2 to the Rebuttal Report of Plaintiff's Expert, Dr. Kevin C. Almeroth, Concerning Validity of U.S. Patent Nos. 6,014,698 and 6,286,045 | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 11. |
| 296-10 | Excerpts from the Rebuttal Expert Report of Michael J. Freedman | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 303-6). | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Mehta Decl. ¶ 12, ECF 303. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 12. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 12. |
| 296-11 | Excerpts from the Deposition of Michael Freedman | GRANTED as to proposed redacted | The proposed redacted portions contain highly confidential |

---

[4] This document has replaced ECF 296-8. *See* Plaintiff's Motion at ECF 300.

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | portions submitted by Google, the designating party (ECF 303-7). | information relating to the design and operation of Google's ad display architecture and infrastructure. Mehta Decl. ¶ 13, ECF 303. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 13. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 13. |
| 296-12 | Excerpts from the Deposition of David Christian | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 303-8). | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Mehta Decl. ¶ 14, ECF 303. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 14. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 14. |
| 296-13 | Excerpts from the Deposition of Nathan Lucash | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 303-9). | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Mehta Decl. ¶ 15, ECF 303. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 15. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | sealed. Mehta Decl. ¶ 15. |
| 296-14 | Excerpts from the Deposition of Peter Alexander | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 303-10). | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Mehta Decl. ¶ 16, ECF 303. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 16. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 16. |
| 296-15 | Excerpts from Expert Report of Peter Alexander | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 303-11). | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Mehta Decl. ¶ 17, ECF 303. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 17. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 17. |
| 296-16 | Document produced by Google bearing Bates numbers GOOG_WAH_00109209-GOOG_WAH_00109211 | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 18. |
| 296-17 | Document produced by Google bearing Bates numbers GOOG_WAH_00188557-GOOG_WAH_00188568 | GRANTED. | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Mehta Decl. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | ¶ 19, ECF 303. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 19. |
| 296-18 | Document produced by Google bearing Bates numbers GOOG_WAH_SC_10000720, GOOG_WAH_SC_10000783, GOOG_WAH_SC_10000789, and GOOG_WAH_SC_10000799 | GRANTED. | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Mehta Decl. ¶ 20, ECF 303. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 20. |
| 296-19 | Excerpts from the Deposition of Phillip Lindsay | GRANTED. | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Mehta Decl. ¶ 21, ECF 303. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 21. |
| 296-20 | Document produced by Google bearing Bates numbers GOOG_WAH_00050818-GOOG_WAH_00050826 | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 22. |
| 296-21 | Document produced by Google bearing Bates numbers GOOG_WAH_00052835-GOOG_WAH_00052842 | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 23. |
| 296-22 | Document produced by Google bearing Bates numbers GOOG_WAH_00049250-GOOG_WAH_00049257 | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 24. |
| 296-23 | Document produced by Google bearing Bates numbers | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 25. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | GOOG_WAH_00049021-GOOG_WAH_00049066 | | |
| 296-24 | Document produced by Google bearing Bates numbers GOOG_WAH_00056617-GOOG_WAH_00056662 | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 26. |
| 296-25 | Document produced by Google bearing Bates numbers GOOG_WAH_00050368 – GOOG_WAH_00050378 | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 27. |
| 296-26 | Document produced by Google bearing Bates numbers GOOG_WAH_00049258-GOOG_WAH_00049265 | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 28. |
| 296-27 | Document produced by Google bearing Bates numbers GOOG_WAH_00055251-GOOG_WAH_00055260 | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 29. |
| 296-28 | Document produced by Google bearing Bates numbers GOOG_WAH_00050193-GOOG_WAH_00050207 | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 30. |
| 296-29 | Document produced by Google bearing Bates numbers GOOG_WAH_00048837-GOOG_WAH_00048854 | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 31. |
| 296-30 | Excerpts from the Deposition Allen Merriman | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 303-12). DENIED as to remainder. | The proposed redacted portions contain highly confidential information relating to Google's source code. Mehta Decl. ¶ 32, ECF 303. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 32. The remainder is denied because |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 32. |
| 296-31 | Excerpts from the Deposition of Mehdi Daoudi | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 33. |
| 296-32 | Document entitled "DoubleClick, Inc., Confidential Business Plan" | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 34. |
| 296-33 | Excerpts from Exhibit E from the Expert Report of Peter Alexander | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 303-13). | The proposed redacted portions contain highly confidential information relating to Google's source code. Mehta Decl. ¶ 35, ECF 303. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 35. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 35. |
| 296-34 | Document produced by Google bearing Bates numbers GOOG_WAH_00070764-GOOG_WAH_00070844 | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 36. |
| 296-35 | Document produced by Google bearing Bates numbers GOOG_WAH_00138665-GOOG_WAH_00138666 | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 37. |
| 296-36 | Excerpts from the Deposition of Tom Shields | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 38. |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 296-37 | Exhibit E to Rebuttal Expert Report of Michael J. Freedman | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 39. |
| 296-38 | Excerpts from the Expert Report of Laura B. Stamm | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 40. |
| 296-39 | Document produced by Google bearing Bates number GOOG_WAH_00075824 | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 41. |

**B. ECF 304 (Plaintiff's Motion as to Plaintiff's Opposition and Exhibits)**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 304-4 | Plaintiff's Opposition and Cross-Motion to Defendant Google LLC's Motion for Summary Judgment | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 310-1). | The proposed redacted portions contain highly confidential information relating to Google's ad display architecture and infrastructure. Mehta Decl. ¶ 6, ECF 310. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 6. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 6. |
| 304-5 | Excerpts from the Deposition Transcript of Aparna Pappu | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 310-2). | The proposed redacted portions contain highly confidential information relating to Google's ad display architecture and infrastructure. Mehta Decl. ¶ 7, ECF 310. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 7. |
| | | DENIED as to remainder. | The remainder is denied because |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 7. |
| 304-6 | Google Patent License, Sale and Assignment Agreement bearing production Bates numbers GOOG_WAH_00134638-GOOG_WAH_00134673 | GRANTED. | The proposed redacted portions contain highly confidential financial information relating to a third-party license agreement. Mehta Decl. ¶ 8, ECF 310. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 8. |
| 304-7 | Excerpts from the Deposition Transcript of Tom Shields | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 9. |
| 304-8 | Excerpts from Appendix F to the Report of Plaintiff's Expert Dr. Kevin C. Almeroth | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 310-3). | The proposed redacted portions contain highly confidential information relating to Google's ad display architecture and infrastructure. Mehta Decl. ¶ 10, ECF 310. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 10. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 10. |
| 304-9 | Excerpts from a document entitled: "Company Disclosure Schedule" dated April 13, 2007 and produced by Google bearing production Bates numbers GOOG_WAH_00099914, 00099934-38, 00099946-75, 00100015, and 00100025-26 | GRANTED. | The proposed redacted portions contain highly confidential financial information relating to a third-party merger agreement. Mehta Decl. ¶ 11, ECF 310. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 11. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 304-10 | Excerpts from a document entitled: "Agreement and Plan of Merger By and Among Google Inc., Whopper Acquisition Corp. and Click Holdings Corp. dated April 13, 2007 and produced by Google bearing production Bates numbers GOOG_WAH_00069938, 00069944, 00069946, 00069955, 00069961-62, 00069965-68, 00069999-00070000 | GRANTED. | The proposed redacted portions contain highly confidential financial information relating to a third-party merger agreement. Mehta Decl. ¶ 11, ECF 310. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 11. |
| 304-11 | Excerpts from the Deposition Transcript of Kevin C. Almeroth | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 310-4). DENIED as to remainder. | The proposed redacted portions contain highly confidential information relating to Google's source code. Mehta Decl. ¶ 12, ECF 310. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 12. The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 12. |
| 304-12 | Excerpts from the Expert Report of Peter Alexander | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 13. |
| 304-13 | Excerpts from the Rebuttal Report of Plaintiff's Expert, Dr. Kevin C. Almeroth | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 14. |
| 304-14 | Excerpts from the Deposition Transcript of Peter Alexander | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 15. |
| 304-15 | Excerpts from the Report of Plaintiff's Expert, Dr. Kevin C. Almeroth | GRANTED as to proposed redacted portions submitted by | The proposed redacted portions contain highly confidential information relating to Google's ad display architecture and |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | Google, the designating party (ECF 310-5). | infrastructure. Mehta Decl. ¶ 16, ECF 310. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 16. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 16. |
| 304-16 | Excerpts from the Deposition Transcript of Dwight Merriman | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 17. |
| 304-17 | Excerpts from the Rebuttal Expert Report of Michael J. Freedman | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 310-6). | The proposed redacted portions contain highly confidential information relating to Google's ad display architecture and infrastructure. Mehta Decl. ¶ 18, ECF 310. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 18. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 18. |
| 304-18 | Excerpts from the Expert Report of Laura B. Stamm | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 19. |
| 304-19 | Excerpts from a document entitled: How did DoubleClick get here? Produced by Google bearing production Bates numbers GOOG_WAH_00227661, GOOG_WAH_00227680 | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 20. |
| 304-20 | Excerpts from the Deposition Transcript of Michael Kleber | GRANTED as to proposed redacted portions submitted by | The proposed redacted portions contain highly confidential information relating to Google's |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | Google, the designating party (ECF 310-7). | ad display architecture and infrastructure. Mehta Decl. ¶ 21, ECF 310. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 21. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 21. |

**C.  ECF 307 (Defendants' Motion as to Defendants' Opposition and Exhibits)**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 307-4 | Google LLC's Opposition to Plaintiff's Motion for Summary Judgment and Motion to Strike | GRANTED as to the highlighted portions. | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Dowd Decl. ¶ 6, ECF 307-1. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 6. |
| 307-6 | Exhibit 3 to the Declaration of Matthias A. Kamber in support of Defendant Google LLC's Opposition to Plaintiff's Motion for Summary Judgment and Motion to Strike | GRANTED as to the highlighted portions. | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Dowd Decl. ¶ 7, ECF 307-1. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 7. |
| 307-8 | Exhibit 4 to the Declaration of Matthias A. Kamber in support of Defendant Google LLC's Opposition to Plaintiff's Motion for Summary | GRANTED as to the highlighted portions. | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Dowd Decl. ¶ 8, |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | Judgment and Motion to Strike | | ECF 307-1. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 8. |
| 307-10 | Exhibit 5 to the Declaration of Matthias A. Kamber in support of Defendant Google LLC's Opposition to Plaintiff's Motion for Summary Judgment and Motion to Strike | GRANTED as to the highlighted portions. | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Dowd Decl. ¶ 9, ECF 307-1. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 9. |
| 307-11 | Exhibit 6 to the Declaration of Matthias A. Kamber in support of Defendant Google LLC's Opposition to Plaintiff's Motion for Summary Judgment and Motion to Strike | GRANTED as to the entire document. | The proposed redaction contains highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Dowd Decl. ¶ 10, ECF 307-1. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 10. |
| 307-13 | Exhibit 7 to the Declaration of Matthias A. Kamber in support of Defendant Google LLC's Opposition to Plaintiff's Motion for Summary Judgment and Motion to Strike | GRANTED as to the highlighted portions. | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Dowd Decl. ¶ 11, ECF 307-1. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 11. |
| 307-14 | Exhibit 8 to the Declaration of Matthias A. Kamber in support of Defendant Google LLC's Opposition to Plaintiff's Motion for Summary Judgment and Motion to Strike | GRANTED as to the entire document. | The proposed redaction contains highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Dowd Decl. ¶ 12, ECF 307-1. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 12. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 307-16 | Exhibit 20 to the Declaration of Matthias A. Kamber in support of Defendant Google LLC's Opposition to Plaintiff's Motion for Summary Judgment and Motion to Strike | GRANTED as to the highlighted portions. | The proposed redacted portions contain highly confidential information relating to the design and operation of Google's ad display architecture and infrastructure. Dowd Decl. ¶ 13, ECF 307-1. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 13. |

**D.    ECF 320 (Plaintiff's Motion as to Plaintiff's Reply and Exhibits)**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 320-4 | Plaintiff's Reply in Support of Motion for Summary Judgment and to Strike | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 324-1). | The proposed redacted portions contain highly confidential information relating to Google's source code. Mehta Decl. ¶ 1, ECF 324. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶ 1. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 1. |
| 320-5 | Excerpts from the Deposition of Peter Alexander | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 324-2). | The proposed redacted portions contain highly confidential information relating to Google's source code. Mehta Decl. ¶ 2, ECF 324. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶ 2. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 2. |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 320-6 | Excerpts from the Deposition of Mark Scheele | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 3. |
| 320-7 | Excerpts from the Deposition of Phillip Lindsay | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 4. |
| 320-8 | A table regarding DoubleClick Source Code | GRANTED. | The proposed redacted portions contain highly confidential information relating to Google's source code. Mehta Decl. ¶ 5, ECF 324. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶ 5. |
| 320-9 | Excerpts from the Deposition of Dwight Merriman | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 324-3). | The proposed redacted portions contain highly confidential information relating to Google's ad display architecture and infrastructure. Mehta Decl. ¶ 6, ECF 324. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶ 6. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 6. |
| 320-10 | Excerpts from Google's Source Code Production | GRANTED. | The proposed redacted portions contain highly confidential information relating to Google's source code. Mehta Decl. ¶ 7, ECF 324. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶ 7. |
| 320-11 | Excerpts from the Rebuttal Expert Report of Michael J. Freedman | DENIED. | Google, the designating party, states that it does not seek to seal this document. Mehta Decl. ¶ 8. |
| 320-12 | Excerpts from Plaintiff's First Amended Infringement Claim | GRANTED as to proposed redacted portions submitted by | The proposed redacted portions contain highly confidential information relating to Google's |

18

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | Charts for U.S. Patent 6,286,045 | Google, the designating party (ECF 324-4). | ad display architecture and infrastructure. Mehta Decl. ¶ 9, ECF 324. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶ 9. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 9. |
| 320-13 | Excerpts from the Deposition of Alex Hioreanu | GRANTED as to proposed redacted portions submitted by Google, the designating party (ECF 324-5). | The proposed redacted portions contain highly confidential information relating to Google's ad display architecture and infrastructure. Mehta Decl. ¶ 10, ECF 324. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶ 10. |
| | | DENIED as to remainder. | The remainder is denied because Google, the designating party, does not represent that the remaining portions should be sealed. Mehta Decl. ¶ 10. |

**E.  ECF 317 (Defendants' Motion as to Defendants' Reply and Exhibits)**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 317-4 | Reply Brief in Support of Google LLC's Motion for Summary Judgment | GRANTED as to the highlighted portions. | The proposed redacted portions contain highly confidential information relating to Google's strategic licensing practices. Dowd Decl. ¶ 6, ECF 317-1. Disclosure of such information would provide an unfair business advantage to competitors. Id. ¶¶ 4, 6. |

19

## III. ORDER

For the foregoing reasons, Defendant's motions at ECF 307 and ECF 317 are GRANTED; and Plaintiff's motions at ECF 296, ECF 300, ECF 304, and ECF 320 are GRANTED IN PART and DENIED IN PART.

For any request that has been denied, if the designating party has not already publicly submitted the properly redacted version of the documents, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days from the filing of this order. *See* Civ. L.R. 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: October 26, 2018

_____
BETH LABSON FREEMAN
United States District Judge